UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANNIE HORACE o/b/o A.U.T.,

                              Plaintiff,          06-CV-6252

              v.                                  **DECISION**
                                                  **and ORDER**
MICHAEL J. ASTRUE,
Commissioner of Social Security

                              Defendant.
_____

## INTRODUCTION

Plaintiff, Annie Horace ("Horace" and/or "plaintiff") timely filed this Motion to Alter or Amend an Order and Judgment, pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), to reconsider this Court's Decision and Order granting Defendant, Commissioner of Social Security ("defendant" or "Commissioner") motion for judgment on the pleadings. Plaintiff argues that this court overlooked new and material evidence that was attached to plaintiff's memorandum of law. This Court's decision was entered on July 3, 2007 granting defendant's motion for judgment on the pleadings finding that plaintiff's application for benefits was against the weight of substantial evidence contained in the record.

The defendant opposes this motion and argues that this Court's Decision and Order was correct on the facts and the law and should not be disturbed. For the reasons that follow, this Court grants the plaintiff's Motion pursuant to Rule 59(e) and the case is

remanded to the Commissioner to reconsider plaintiff's application and develop the record in accordance with the additional evidence.

## BACKGROUND

Plaintiff filed an application for SSI payments on May 10, 2004, on behalf of her son Andrew, who was 14-years old at that time. Plaintiff alleged that Andrew had a disability since December 1, 2002, due to attention deficit hyperactivity disorder ("ADHD"), asthma and a borderline IQ. Plaintiff's application was denied on September 17, 2004. Thereafter, Plaintiff and Andrew, appeared with their attorney in a hearing before the Administrative Law Judge ("ALJ"), which took place on August 16, 2005. In a decision dated December 1, 2005, the ALJ found that Andrew was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Board denied Plaintiff's request for review on April 21, 2006. Plaintiff commenced this action on May 26, 2006.

Subsequently, both parties moved for judgment on the pleadings and by Decision and Order dated July 3, 2007, this Court granted the defendant's motion for judgment on the pleadings, affirmed the ALJ's decision and denied the plaintiff's motion for judgment on the pleadings. Familiarity with the July 3, 2007 Decision and Order is presumed. Judgment was entered by the Clerk of the Court on July 11, 2007. Plaintiff now seeks reconsideration of this Court's decision.

## DISCUSSION

"A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." See Herschaft v. New York City Campaign Finance Bd., 139 F.Supp.2d 282, 284 (E.D.N.Y. 2001); Hester Indus., Inc. v. Tyson Foods, Inc., 985 F.Supp. 83 (N.D.N.Y. 1997). Motions to Alter or Amend pursuant to Rule 59(e) "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked …that might reasonably be expected to alter the conclusion reached by the court." See Schrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. See Commercial Union Ins. Co. Blue Water Yacht Club Ass'n., 289 F.Supp.2d 337, 340 (E.D.N.Y. 2003). A motion to reconsider should not be granted where a moving party seeks solely to relitigate an issue already decided. See Schrader, 70 F.3d at 257.

Whether to grant a Rule 59(e) motion is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. See Devlin v. Transp. Communications Int'l. Union, 175 F.3d 121, 132 (2d Cir. 1999); McCarthy v. Manson, 714

F.2d 234, 237 (2d Cir. 1983). Thus, the party moving for reconsideration bears the burden of demonstrating that the court overlooked controlling decisions or factual matters that were presented in the underlying motion.

Further, the Social Security Act provides that a court may remand a case to the Commissioner to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To establish that a remand to the Commissioner for consideration of new evidence is warranted, the plaintiff must show that the proffered evidence is 'new' and not merely cumulative of what is already in the record; that the new evidence is material, and that there is good cause for failing to present the evidence earlier. See Jones v. Sullivan, 949 F.2d 57 (2d Cir. 1991). "Material" evidence is evidence that is both relevant and probative with respect to the claimant's condition during the time period for which benefits were denied. See Jones, 949 F.2d 57. Moreover, to be entitled to a remand, the plaintiff must establish that there is a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently. Id.

In the instant case, the new evidence submitted by the plaintiff: to wit records of Andrew's school performance in the

eighth and ninth grades constitutes new, material evidence with respect to plaintiff's alleged disability. Moreover, I find that there is good cause for the plaintiff's failure to provide this evidence during earlier proceedings, and that this evidence could influence the Commissioner to decide plaintiff's application for benefits differently.

The results of state testing reveal that Andrew was barely meeting basic learning standards established by the State Department of Education. In addition, he was failing all his subjects. While it is unclear from these new records whether Andrews's continued problems are the result of his low IQ, his ADHD, his medications or a combination of these factors, it is possible that further examination would show that Andrew's decline is in fact the result of disabilities that persist despite earlier evidence of temporary improvement. This new evidence casts doubt on the previous school reports that Andrew was making good progress. If Andrew is regressing as the new reports suggest, that considered with other evidence could support a finding by the Commissioner that Andrew was disabled during the time periods in question. As such, the reports attached to plaintiff's motion constitute new and material evidence sufficient to justify remand under 42 U.S.C. §405(g). See Tirado v. Bowen, 842 F.2d 595 (2d Cir. 1988). Further, these reports were unavailable at the time of the ALJ's decision and thus were not considered by the ALJ and, therefore, are not

merely cumulative evidence. <u>See</u> <u>Tracy on behalf of Tracy v. Apfel</u>, 1998 WL 765137 at *6 (E.D.N.Y. 1998)(citations omitted). Accordingly, the case is remanded to the Commissioner to reconsider plaintiff's application in light of the new evidence.

### CONCLUSION

Plaintiff's request for this Court to alter or amend its Decision and Order of July 3, 2007 is granted and this case is remanded to the Commissioner for reconsideration of his previous decision denying plaintiff's application for benefits in light of the new evidence to be submitted to the Commissioner by the plaintiff prusuant to 42 U.S.C. § 405(g).

**ALL OF THE ABOVE IS SO ORDERED.**


      s/Michael A. Telesca
         MICHAEL A. TELESCA
      United States District Judge


Dated:    Rochester, New York
          November 30, 2007